## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**WINGS AS EAGLES
DELIVERANCE MINISTRY**
Plaintiff

Case No.
Hon.

**v.**

**CITY OF DETROIT**
a municipal corporation;
**COUNTY OF WAYNE**
a municipal corporation; and
**DETROIT LAND BANK AUTHORITY,**
a public body corporate
_____/

**METRO DETROIT LITIGATION GROUP
BY:  STUART SANDWEISS (P60921)**
Attorney for Plaintiff
18481 W. Ten Mile Rd., Suite 100
Southfield, MI  48075-2693
(248) 559-2400  Fax (248) 871-1500
stuart@metrodetroitlitigation.com
_____/

### COMPLAINT AND JURY DEMAND

Plaintiff Wings As Eagles Deliverance Ministry through

counsel, for its Complaint Defendant City of Detroit, Michigan (the

"City"); County of Wayne (the "County"); and Detroit Land Bank

Authority (the "DLBA"); (collectively "Defendants") states:



**INTRODUCTION**

1.      This case concerns Defendants' unconstitutional taking of Plaintiff's Church Property because Plaintiff allegedly owed property taxes for the Property -- even though Plaintiff is a tax-exempt ecclesiastical corporation who received a real estate tax exemption approval from Defendant City of Detroit on December 11, 2007.

2.      Subsequent to that date Defendant City wrongfully assessed taxes against Plaintiff and, according to the records kept by the Wayne County Register of Deeds, Defendant Wayne County ultimately recorded a Judgment of Foreclosure against the Church Property.  Subsequently, Defendant Wayne County transferred the Church Property to Defendant Detroit Land Bank Authority via a Quit Claim Deed.

3.      Through this lawsuit Plaintiff seeks damages against Defendants for violating Plaintiff's constitutional rights by taking the Church Property without paying just compensation in violation of both the 5th Amendment to the United States Constitution as applied to the states via the 14th Amendment as well as Article X,



METRO DETROIT
LITIGATION GROUP

Section 2 of the State of Michigan Constitution.

4.     Plaintiff also brings this action pursuant to 42 U.S.C. §1983 for declaratory judgment, injunctive relief, actual and nominal damages, and other relief arising from Defendants' unconstitutional policies and practices.

5.     Additionally, Plaintiff seeks to Quiet Title to the Church Property.

### PARTIES, JURISDICTION AND VENUE

6.     Plaintiff Wings As Eagles Deliverance Ministry (the Church) is an ecclesiastical corporation incorporated in the State of Michigan on April 3, 2002. See Exhibit 1.

7.     Plaintiff's registered address is 8315 Marcus, Detroit, Michigan 48213 (the "Property") where Plaintiff operates a ministry (the "Church"). The Registered Agent is Kennard Pettaway (a/k/a Pastor Pettaway).

8.     Defendant City of Detroit ("City") is a municipal corporation located within Wayne County, Michigan; it is created and existing under and by virtue of the laws of the State of Michigan. In fulfilling its duties, the City acts by and through



METRO DETROIT
LITIGATION GROUP

various departments and public officials.

9.     Defendant County of Wayne ("County") is a municipal corporation located in Wayne County, Michigan.  In fulfilling its duties, the County acts by and through various departments and public officials.

10.     Defendant Detroit Land Bank Authority ("DLBA") is a public body corporate organized pursuant to the Michigan Land Bank Fast Tract Act, 2003 P.A. 258, being MCL §§124.751 – 124.774 and a Second Amended and Restated Intergovernmental Agreement entered into between DLBA and Defendant City effective as of December 23, 2013.  The DLBA is located at 65 Cadillac Square, Suite 3200, Detroit, Michigan  48226.

11.     All actions by the Defendants and/or their officers, agents, servants, employees or person acting on their behalf or direction that are described in this lawsuit were done and are continuing to be done under color of state law, which caused or is causing the deprivation of Plaintiff's rights protected by the United States Constitution and/or the State of Michigan Constitution.

12.     Accordingly, this Court has subject matter jurisdiction



METRO DETROIT
LITIGATION GROUP

over this case pursuant to 28 U.S.C. § 1331, as this action arises

under the First, Fifth, and Fourteenth Amendments to the United

States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is

brought to prevent imminent deprivations, under color of state law,

of rights, privileges and immunities secured by the United States

Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to

recover damages and secure equitable relief under an Act of

Congress, specifically, 42 U.S.C. § 1983, which provides a cause of

action for the protection of civil and constitutional rights; under 28

U.S.C. § 2201(a), to secure declaratory relief; under 28 U.S.C. §

2202, to secure preliminary and injunctive relief and damages; and

under 42 U.S.C. § 1988 to grant Plaintiff's prayer for relief

regarding the recovery of costs, including damages, restitution, and

reasonable attorney fees.

13.    To the extent necessary, this Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

§1367.

14.    Venue is proper within this judicial district and division

pursuant to 28 U.S.C. § 1391(b) as Defendants are situated within



this judicial district and division, (ii) the Defendants transact business within this District, (iii) the conduct complained of occurred within this district and division; and (iv) the affected property is located within this district and division.

**FACTS**

15.     Plaintiff was incorporated as an ecclesiastical corporation on April 3, 2002.  See Exhibit 1.

16.     As is evidenced by an October 7, 2014 letter (Exhibit 2) from the Internal Revenue Service ("IRS") Plaintiff received tax exempt status pursuant to Section 501(c)(3) of the Internal Revenue Code in June 2003.

17.     On or about March 1, 2004, via a Quit Claim Deed from Rosalyn Woodward, Plaintiff acquired the Church Property located at 8315 Marcus, Detroit, Michigan 48213 that is legally described as:

> N MARCUS 138 BESTE-MARTIN SUB L32 P68 PLATS, WC R 17/423 30.60 X 117
> Tax Parcel LD. No. 17001684

(the "Property") where Plaintiff operates a ministry (the "Church").  See Exhibit 3.



METRO DETROIT
LITIGATION GROUP

18.    Subsequently, Plaintiff applied to Defendant City of Detroit to request a property tax exemption on the Property where Plaintiff operates the ministry.

19.    On December 11, 2007 Defendant City notified Plaintiff that Defendant City granted the real estate exemption beginning in tax year 2008.  See Exhibit 4.

20.    Notwithstanding, upon information and belief, Defendant City continued to assess real estate taxes as, according to the records kept by the Wayne County Register of Deeds, Defendant County recorded a Certificate of Forfeiture against the Property on April 3, 2012 for "Non Payment Of Real Property Tax Year 2010."  See Exhibit 5.

21.    Upon information and belief, Defendant City also assessed a real estate tax in 2011 as the Wayne County Register of Deeds shows that Defendant County Recorded a Certificate of Forfeiture Of Real Property against the Property on March 14, 2013 for "Non Payment Of Real Property Tax Year 2011."  See Exhibit 6.

22.    According to records kept by the Wayne County Register of Deeds Defendant County recorded a Notice of Judgment Of



METRO DETROIT
LITIGATION GROUP

Foreclosure against the property on September 10, 2014 based upon the March 14, 2013 recording of the forfeiture notice.  See Exhibit 7.

23.    According to the records kept by the Wayne County Register of Deeds, on January 6, 2015 Defendant County recorded a Quit Claim Deed conveying the Church Property to Defendant DLBA for the full consideration of $0.  See Exhibit 8.

24.    Even after Defendant County recorded the Quit Claim Deed to DLBA, it appears that Defendant City continued to assess real estate taxes against the Church Property as a June 26, 2017 Tax Statement (Exhibit 9) indicates delinquent real property tax for the 2016 tax year.

25.    On February 27, 2020 Defendant DLBA filed a Complaint in the Wayne County Circuit Court (the "Circuit Court Action") seeking to expedite a Quiet Title proceeding and foreclosure under the Land Bank Fast Track Act wherein the DLBA seeks to extinguish Plaintiff's interest in the Church Property.

26.    Plaintiff is defending the Circuit Court Action. However, due to the expedited procedure pursuant to the Land Bank Fast Track Act, the Wayne County Circuit Court instructed



METRO DETROIT
LITIGATION GROUP

that Plaintiff that it could not challenge title to the Property in that action, but rather would have to challenge title to the Property and/or seek to Quiet Title to the Property in a separate action.

27.    Thus, Plaintiff is filing this action seeking to quiet title to the Property and further seeking damages against Defendants for violating Plaintiff's civil rights in violation of the 1st, 5th and/or 14th Amendments to the United States Constitution and in violation of Article X, Section 2 and/or Article I, Section 4 of the State of Michigan Constitution by taking the Church Property for alleged non-payment of real estate taxes -- even though Defendant City agreed to exempt the Church Property from real estate taxes beginning in tax year 2008.

28.    As will be further outlined below, as a direct and proximate result of Defendants' conduct, Plaintiff seeks damages against Defendants based on Defendants' numerous constitutional violations.



**COUNT I - VIOLATION OF THE "TAKINGS" CLAUSE OF THE 5th AMENDMENT TO THE UNITED STATES CONSTITUTION**

29.    Plaintiff incorporates all other paragraphs of this Complaint into this Count by reference.

30.    The "Takings Clause" of the 5th Amendment to the U.S. Constitution provides that private property may not be taken for public use, without just compensation.

31.    Through the due process clause of the 14th Amendment to the United States Constitution, the Takings Clause applies to state and local governments such as Defendants.

32.    By taking title to the Church Property when no real estate taxes were due (as the Church Property was exempt – see Exhibit 3) Defendants violated the 5th Amendment Takings Clause that is applied to Defendants via the due process clause of the 14th Amendment.

33.    As a direct and proximate result of Defendants constitutional violations, Plaintiff suffered damages.

Wherefore, based on the violations of the takings clause of the 5th Amendment to the U.S. Constitution as applied to the states through the 14th Amendment, Plaintiff seeks compensatory damages from Defendants, jointly and/or severally, in an amount to be determined, plus interest, costs and attorney fees wrongfully sustained.



METRO DETROIT
LITIGATION GROUP

### COUNT II - VIOLATION OF THE "TAKINGS" CLAUS OF ARTICLE X, SECTION 2 OF THE STATE OF MICHIGAN CONSTITUTION

34.   Plaintiff incorporates all other paragraphs of this Complaint into this Count by reference.

35.   Article X, Section 2 of the State of Michigan Constitution (the "State Takings Clause") provides that "Private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law."

36.   By taking title to the Church Property when no real estate taxes were due (as the Church Property was exempt – see Exhibit 4) Defendants violated the State Takings Clause.

37.   As a direct and proximate result of Defendants' constitutional violations, Plaintiff suffered damages.

Wherefore, based on the violations of the takings clause found in Article X, Section 2 of the State of Michigan Constitution, Plaintiff seeks compensatory damages from Defendants, jointly and/or severally, in an amount to be determined, plus interest, costs and attorney fees wrongfully sustained.


METRO DETROIT
LITIGATION GROUP

## **COUNT III – VIOLATIONS OF 42 USC §1983**

38.   Plaintiff incorporates all other paragraphs of this Complaint into this Count by reference.

39.   42 USC §1983 provides for civil liability for deprivation of any right, privileges and immunities carried by the constitution and the laws of the United States and/or the State of Michigan pursuant to the carrying of custom and/or practice of the said governmental unit.

40.   As was outlined above, Plaintiff was damaged by the unconstitutional taking of Plaintiff's Church Property for alleged non-payment of real estate taxes when, in fact, no real estate taxes were due, as Defendant City approved Plaintiff's exemption effective as of tax year 2008 (See Exhibit 4).

41.   Moreover, Defendants are preventing Plaintiff from its constitutional right to occupy and use its property without interference by Defendants.

42.   Given that Plaintiff operates a ministry (the Church) Defendants are further preventing Plaintiff from its free exercise of religion that is protected by the 1st Amendment to the United



States Constitution as applied to the states through the 14th Amendment and/or Article I, Section 4 of the State of Michigan Constitution.

43.     At all material times, Defendants were acting under color of law and under the custom and practice of their respective governmental units.

44.     Through the actions described in this Complaint, including the wrongful taking of Plaintiff's Church Property, Defendants, under color of law, willfully and wantonly eliminated and/or disregarded Plaintiff's constitutional rights including those conferred under the 1st and/or 5th Amendments to the United States Constitution (as applied to the states through the due process clause of the 14th Amendment), the 14th Amendment to the United States Constitution and Article X, Section 2 and/or Article I, Section 4 of the State of Michigan Constitution, and/or other laws of the United States and/or the State of Michigan.

45.     Through their acts, Defendants have deprived Plaintiff of its property and related rights and are thus liable to Plaintiff pursuant to 42 USC §1983 that provides:



Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

46.    Defendants are further liable to Plaintiff for the individual actions of their employees based on the doctrine of *respondeat superior.*

47.    Defendants acted with deliberate indifference with regard to their actions and/or omissions described herein.

48.    Defendants do not have qualified immunity for their actions as any reasonable person and/or employee of Defendant(s) should have known that such actions were in violation of the rights conferred to Plaintiff under the 1st and/or 5th Amendments of the United States Constitution (as applied to the states through the due process clause of the 14th Amendment), the 14th Amendment to the



United States Constitution and Article X, Section 2 and/or Article I, Section 4 of the State of Michigan Constitution, and/or other laws of the United States and/or the State of Michigan.

49.    As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, in addition to costs and attorney fees.

50.    42 USC §1988 provides that the Court may assess attorney fees in an action to enforce a provision of 42 USC §1983.

WHEREFORE, based on this Count, Plaintiff asks this Court to determine that Defendants violated Plaintiff's civil rights in violation of 42 USC §1983 and to award Plaintiff damages in an amount to be determined against Defendants jointly and/or severally, (including costs and attorney fees) for Defendant(s) violating Plaintiff's due process rights in violation of 42 USC §1983, together with exemplary and/or punitive damages, interest, costs and attorney fees.



### <u>COUNT IV - UNJUST ENRICHMENT</u>

51.    Plaintiff incorporates all other paragraphs of this Complaint into this Count by reference.

52.    By taking Plaintiff's tax-exempt Church Property for

the alleged non-payment of real estate taxes that were not owed,

Defendants have been unjustly enriched by the value of the Church

Property.

53.    Plaintiff now asks this Court to avoid injustice and the

unjust enrichment of Defendants and to enter judgment in favor of

Plaintiff and against Defendants, jointly and/or severally, in an

amount to be determined based upon the value of the Church

Property wrongfully taken from Plaintiff.

Wherefore, based on this Count, Plaintiff respectfully asks

this Court to award Plaintiff damages in an amount to be

determined against Defendants, jointly and/or severally, together

with exemplary and/or punitive damages, interest, costs and

attorney fees, to Defendants being unjustly enriched.

## <u>COUNT IV – DECLARATORY RELIEF</u>

54.    Plaintiff incorporates all other paragraphs of this

Complaint into this Count by reference.

55.    An actual controversy exists between Plaintiff and

Defendants regarding the ownership of the Church Property as well

as Defendants' violation of clearly established constitutional



rights.

56.    Thus, Plaintiff is entitled to a declaration regarding the ownership of the Church Property as well as its rights regarding the the unconstitutional taking of the Church Property.

57.    Accordingly, and pursuant to 28 U.S.C. §2201, Plaintiff asks the Court to declare and order that Plaintiff is the rightful owner of the Church Property; that based on the exemption approved by Defendant City no real property taxes are due for, or shall be assessed against, the Church Property; and that by taking the Church Property without paying Plaintiff just compensation, Defendants violated Plaintiff's rights established by the 1st and 5th Amendments to the United States Constitution (as applied to the states through the due process clause of the 14th Amendment), the 14th Amendment to the United States Constitution and Article X, Section 2 and/or Article I, Section 4 of the State of Michigan Constitution, and/or other laws of the United States and/or the State of Michigan.

Wherefore, pursuant to 28 U.S.C. §2201, Plaintiff asks the Court to declare and order that Plaintiff is the rightful owner of the



Church Property, that based on the exemption approved by Defendant City no real property taxes are due for, or shall be assessed against the Church Property, and that by taking the Church Property without paying Plaintiff just compensation, Defendants violated Plaintiff's rights established by the 1st and 5th Amendments to the United States Constitution (as applied to the states through the due process clause of the 14th Amendment), the 14th Amendment to the United States Constitution and Article X, Section 2 and/or Article I, Section 4 of the State of Michigan Constitution, and/or other laws of the United States and/or the State of Michigan.

### COUNT V – INJUNCTIVE RELIEF – QUIET TITLE TO PROPERTY

58.    Plaintiff incorporates all other paragraphs of this Complaint into this Count by reference.

59.    As was outlined above, starting in 2004, Plaintiff had title to the Church Property.

60.    As of the 2008 Tax Year Plaintiff was exempt from paying real estate taxes for the Church Property.  See Exhibit 4.



61.    Notwithstanding, Defendant City apparently assessed real estate taxes on the exempt property and, ultimately, transferred the tax claim to Defendant County who foreclosed on the Property and then transferred title to the Church Property to Defendant DLBA.

62.    Given that, due to the exemption approved by Defendant City, no real estate taxes could have been due on the Church Property since 2008, it is readily apparently that Defendants City and/or County did not have the right to forfeit and/or foreclose on the Church Property and then transfer it to the DLBA.

63.    Accordingly, pursuant to the Court's injunctive power, including the power provided by 28 U.S.C. §2202, Plaintiff ask this Court to declare and order that Plaintiff holds full legal and equitable title to the Church Property in fee simple, free and clear of any and all claims of Defendants; and quieting title to the Church Property forever in Plaintiff; and allowing Plaintiff to record such Order in the chain of title as evidence of title.

Wherefore, based on the foregoing, Plaintiff ask this Court to



METRO DETROIT
LITIGATION GROUP

declare and order that Plaintiff holds full legal and equitable title to the Church Property in fee simple, free and clear of any and all claims of Defendants; and quieting title to the Church Property forever in Plaintiff; and allowing Plaintiff to record such Order in the chain of title as evidence of title.

Dated: December 4, 2020      Respectfully submitted,

**METRO DETROIT LITIGATION GROUP**

By: **STUART SANDWEISS (P60921)**
ATTORNEYS FOR PLAINTIFF
18481 West Ten Mile Road
Suite 100
Southfield, Michigan 48075
(248) 559-2400
Fax (248) 971-1500
stuart@metrodetroitlitigation.com



## LIST OF EXHIBITS

1    Articles of Incorporation

2    October 7, 2014 Letter from IRS

3    March 1, 2004 Quit Claim Deed

4    December 11, 2007 Real Estate Exemption Letter

5    April 3, 2012 Certificate of Forfeiture

6    March 14, 2013 Certificate of Forfeiture

7    September 10, 2014 Notice of Judgment of Foreclosure

8    January 6, 2015 Quit Claim Deed

9    June 26, 2017 Tax Statement



METRO DETROIT
LITIGATION GROUP

**EXHIBIT 1**

BCS/CD-503 (Rev. 02/01)

## MICHIGAN DEPARTMENT OF CONSUMER & INDUSTRY SERVICES
## BUREAU OF COMMERCIAL SERVICES

| | |
|---|---|
| Date Received | (FOR BUREAU USE ONLY) |
| APR 01 2002 | |

**FILED**

APR 0 3 2002

This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.

Administrator
BUREAU OF COMMERCIAL SERVICES

Name
Kennard Pettaway c/o Wings as Eagles Deliverance Ministry

Address
8315 Marcus Street

| City | State | Zip Code |
|---|---|---|
| Detroit | MI | 48213 |

EFFECTIVE DATE:

Document will be returned to the name and address you enter above.
If left blank document will be mailed to the registered office.

## ARTICLES OF INCORPORATION
## For use by Ecclesiastical Corporations
(Please read information and instructions on the last page)

774 – 416

*We, the undersigned, desiring to become incorporated under the provisions of Act No. 327, P.A. of 1931, do hereby make, execute and adopt the following articles of association, to-wit:*

**FIRST**

The name assumed by this corporation and by which it shall be known in law, is:

Wings as Eagles Deliverance Ministry

**SECOND**

1. The location of said church or society shall be in the city (or village) of:

Detroit                                        county of Wayne                          , and
State of Michigan.

2. The address of the registered office is:

8315 Marcus Street                    Detroit              , Michigan 48213
(Street Address)                              (City)                                        (Zip Code)

3. The mailing address of the registered office if different than above is:

8315 Marcus Street                    Detroit              , Michigan 48213
(Street Address or P.O. Box)                   (City)                                        (Zip Code)

4. The name of the resident agent at the registered office is: Kennard Pettaway

**THIRD**

The time for which the corporation shall be created shall be perpetual. (If term is for a fixed number of years, then state the number of years instead of perpetual.)

**FOURTH**

The members of the church or society shall worship and labor together according to the discipline, rules and usages of

the ___None___

church in the United States of America (or other jurisdiction as the case may be), as from time to time authorized and

declared by the ___None___

<span style="font-size:small">(Here insert the name of the higher ecclesiastical body or bodies, if any, authorized to determine such question)</span>

**FIFTH (Insert any desired additional provision authorized by the Act; attach additional pages if needed.)**

See attachment

In witness whereof, we, the parties hereby associating, for the purpose of giving legal effect to these articles hereunto sign our names and places of residence:

Done at the city (or village) of ___Detroit___,

county of ___Wayne___ and State of Michigan,

this ___14th___ day of ___February___ ___2002___

**This document requires at least three notarized signatures**

| (Signatures) | (No.) | (Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|---|
| Annette Pettaway | 8304 | Marcus | Detroit | MI | 48213 |
| Kennard Pettaway | 8304 | Marcus | Detroit | MI | 48213 |
| Theresa Pettaway | 8298 | Marcus St. | Detroit | MI | 48213 |

State of ___Michigan___

County of ___Wayne___ } ss.

Subscribed and sworn to before me this ___14th___ day of ___February___ ___2002___

by ___Annette Pettaway, Kennard Pettaway, Theresa Pettaway___

<span style="font-size:small">(NOTARY MUST LIST NAMES OF ALL PERSONS SIGNING)</span>

_____
(Signature of Notary)

___Ray Saati___
(Type or Print Name of Notary)

Notary Public for ___RAY TOURG SAATI___ County,
Notary Public, Wayne County, MI
State of ___My Commission Expires Sep 12, 2005___   2-25-02

(Notary Seal)

My commission expires ___Sep. 12, 05___

# Article Five (5) of the
## Articles of Incorporation for
### Wings as Eagles Deliverance Ministry

Said corporation is organized exclusively for charitable, religious, educational and scientific purposes, including, for such purposes, the making of distributions to organizations that qualify as an exempt organization under Section 501(c)(3) of the Internal Revenue Code, or corresponding section of any future federal tax code.  No part of the net earnings of the corporation shall inure to the benefit of, or be distributable to its member, trustees, officers, or other private persons, except that the corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set for in this article.  No substantial part of the activities of the corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation and the corporation shall not participate in or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office, notwithstanding any other provision of these articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code, or corresponding section of any future federal tax code or (b) by a corporation, contributions to which are deductible under Section 170(c)(2) of the Internal Revenue Code, or corresponding section of any future federal tax code.

Upon dissolution of the corporation, assets shall be distributed for one or more exempt purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code or corresponding section of any future federal tax code, or shall be distributed to the federal government, or to state or local government for a public purpose.  Any such assets not so disposed of shall be disposed of by the court of common pleas of the county to which the principal office of the corporation is located, exclusively for such purposes or to such organization or organizations as said court shall determine which are organized and operated exclusively for such purposes.



# UNITED STATES OF AMERICA

## The State Michigan



### Department of Licensing and Regulatory Affairs

#### Lansing, Michigan

This is to Certify That

**WINGS AS EAGLES DELIVERANCE MINISTRY**

was validly incorporated on April 3, 2002, as a Michigan nonprofit corporation, and said corporation is validly in existence under the laws of this state.

This certificate is issued pursuant to the provisions of 1982 PA 162, as amended, to attest to the fact that the corporation is in good standing in Michigan as of this date and is duly authorized to conduct affairs in Michigan and for no other purpose.

This certificate is in due form, made by me as the proper officer, and is entitled to have full faith and credit given it in every court and office within the United States.



In testimony whereof, I have hereunto set my hand, in the City of Lansing, this 1st day of April, 2013.

*Alan J. Schefke, Director*
*Corporations, Securities & Commercial Licensing Bureau*

**GOLD SEAL APPEARS ONLY ON ORIGINAL**

**EXHIBIT 2**

**IRS** Department of the Treasury
Internal Revenue Service

P.O. Box 2508
Cincinnati  OH  45201

In reply refer to: 0752853556
Oct. 07, 2014  LTR 4168C  0
01-0658866  000000 00
                              00023447
                    BODC: TE



WINGS AS EAGLES DELIVERANCE
 MINISTRY
% KENNARD PETTAWAY
8315 MARCUS ST
DETROIT  MI  48213-2112

004925

         Employer Identification Number:  01-0658866
                  Person to Contact: Tax Exempt & Government Entity
         Toll Free Telephone Number: 1-877-829-5500

Dear Taxpayer:

This is in response to your Sep. 26, 2014, request for information
regarding your tax-exempt status.

Our records indicate that you were recognized as exempt under
section 501(c)(3) of the Internal Revenue Code in a determination
letter issued in June 2003.

Our records also indicate that you are not a private foundation within
the meaning of section 509(a) of the Code because you are described in
section(s) 509(a)(1) and 170(b)(1)(A)(i).

Donors may deduct contributions to you as provided in section 170 of
the Code. Bequests, legacies, devises, transfers, or gifts to you or
for your use are deductible for Federal estate and gift tax purposes
if they meet the applicable provisions of sections 2055, 2106, and
2522 of the Code.

Please refer to our website www.irs.gov/eo for information regarding
filing requirements. Specifically, section 6033(j) of the Code
provides that failure to file an annual information return for three
consecutive years results in revocation of tax-exempt status as of
the filing due date of the third return for organizations required to
file. We will publish a list of organizations whose tax-exempt
status was revoked under section 6033(j) of the Code on our website
beginning in early 2011.

03487455 DEC 0 9 2004
STATE OF
**MICHIGAN**
WAYNE COUNTY
DECEMBER 29, 2004
RECEIPT #43713

**REAL ESTATE
TRANSFER TAX**
$   5.50-CO
$   37.50-ST
STAMP #100500223

Li-41824      Pa-320
204607198  12/09/2004
Bernard J. Youngblood
Wayne Co. Register of Deeds

# QUITCLAIM DEED

**THIS QUITCLAIM DEED,** executed this **1st** day of **March, 2004,** by first party, Grantor, **Rosalyn Woodward** whose post office address is **4411 Devonshire, Detroit, MI 48224-3662,** to second party, Grantee, **Kennard Pettaway on behalf of Wings as Eagles Deliverance Ministry,** whose post office address is **8304 Marcus, Detroit, MI 48213-2113.**

**WITNESSETH,** That the said first party, for good consideration and for the sum of **five thousand dollars and no cents ($5,000.00)** paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of **Wayne,** State of **Michigan** to wit:

Lot
N MARCUS 138 BESTE-MARTIN SUB L32 P68 PLATS, W C R 17/423 30.60 X 117

8315 Marcus Detroit, Michigan
Parcel# 17001684

QCD  12-6R  2p  S

Rev V
+43⁰⁰
+18⁰⁰
x 2⁰⁰

**IN WITNESS WHEREOF,** The said first party has signed and sealed these presents the day and year first above written.  Signed, sealed and delivered in presence of:

_Jeannita Clark_
Signature of Witness

_Rosalyn Woodward_
Signature of First Party

_Jeannita Clark_
Print Name of Witness

**ROSALYN WOODWARD**
Print Name of First Party

_Rosalyn Woodward_
Signature of First Party

_____
Signature of Witness

_____
Print Name of Witness

_____
Print Name of First Party

_Rosalyn Woodward_

State of _Michigan_
County of _Wayne_              }
On _march 1, 2004_          before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_Joyce M. Rogers_
Signature of Notary
JOYCE M. ROGERS
Notary Public, Wayne County, MI
My Commission Expires Aug. 27, 2007

Affiant_____Known_____Produced ID
Type of ID_____
                                   (Seal)

State of                      }
County of
On                          before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_____
Signature of Notary

Affiant_____Known_____Produced ID
Type of ID_____
                                   (Seal)

RETURN TO:

_Grantee._

_Theresa Denise Pettaway_
Signature of Preparer

**Theresa Denise Pettaway**
Print Name of Preparer

**8298 Marcus, Detroit, MI 48213-2113**
Address of Preparer

Page 2

**EXHIBIT 4**



CITY OF DETROIT
FINANCE DEPARTMENT
ASSESSMENT DIVISION

Coleman A Young Municipal Center
2 Woodward Ave Suite 824
Detroit, MI 48226

DECEMBER 11, 2007

WINGS AS EAGLES DELIVERANCE

8315 MARCUS

DETROIT          MI    48213

      RE:  APPLICATION FOR EXEMPTION OF REAL ESTATE TAXES

Parcel Item Numbers included in the exemption:        8315 MARCUS, 17-001684

                         BEGINNING  TAX YEAR 2008

Dear Taxpayer:

Your application for exemption of real estate taxes on the above referenced property has been reviewed.  The exemption has been **granted.**

The exemption will begin with the tax year noted above and will continue for such time as the property is owned and occupied by the applicant and used for the purposes stated in your application.

If any changes occur, it is your responsibility to inform our office.

Should you have any questions, you may call the contact person between the hours of 8:30 am and 4:00 pm, per information as noted below.

Sincerely,

*Evangeline Townsend*

**_Evangeline Townsend_**

   Head Clerk, Exemption Unit

    313 224-3023                **KWAME M. KILPATRICK, MAYOR**

Bernard J Youngblood
Wayne County Register of Deeds
April 3, 2012 10:37 PM
Inst: 2012115553  Liber: 49696  Page: 701
Electronically Recorded

# EXHIBIT 5

## WAYNE COUNTY TREASURER
## CERTIFICATE OF FORFEITURE OF REAL PROPERTY

I hereby certify that on, <u>March 1, 2012</u> the following real property was forfeited to the Wayne County Treasurer for NON PAYMENT OF REAL PROPERTY TAX YEAR 2010.

This property will be titled absolutely in the name of Wayne County Treasurer if not redeemed on or before the March 31 immediately succeeding the entry in an uncontested case of a judgment foreclosing the property under MCL 211.78k, or in a contested case, 21 days after the entry of a judgment foreclosing the property under MCL211.78k.

Taxpayer's Name and Address: **WINGS AS EAGLES DELIVERANCE**
**0 P O BOX 13259**
**DETROIT, MI 48213**

Property located in the <u>**CITY OF DETROIT, WAYNE COUNTY, MI 48213**</u>
Property ID No: <u>**17001684.**</u>

Property Description:
**N MARCUS LOT 138 BESTE-MARTIN SUB L32 P68 PLATS, W C R 17/423 30.60 X 117**

Commonly known as: **8315 MARCUS, DETROIT**

Dated this Day <u>**4/3/2012**</u>



Raymond J. Wojtowicz

Wayne County Treasurer

Bernard J Youngblood
Wayne County Register of Deeds
March 14, 2013 07:19 PM
Inst: 2013123489  Liber: 50583  Page: 1205
Electronically Recorded

# EXHIBIT 6

### WAYNE COUNTY TREASURER
### CERTIFICATE OF FORFEITURE OF REAL PROPERTY

I hereby certify that on, __March 1, 2013__ the following real property was forfeited to the Wayne County Treasurer for NON PAYMENT OF REAL PROPERTY TAX YEAR  2011.

This property will be titled absolutely in the name of Wayne County Treasurer if not redeemed on or before the March 31 immediately succeeding the entry in an uncontested case of a judgment foreclosing the property under MCL 211.78k, or in a contested case, 21 days after the entry of a judgment foreclosing the property under MCL211.78k.

Taxpayer's Name and Address: **WINGS AS EAGLES DELIVERANCE**
**0 P O BOX 13259**
**DETROIT, MI 48213**

Property located in the **CITY OF DETROIT, WAYNE COUNTY, MI 48213**
Property ID No: **17001684.**

Property Description:
**N MARCUS LOT 138 BESTE-MARTIN SUB L32 P68 PLATS, W C R 17/423 30.60 X 117**

Commonly known as: **8315 MARCUS, DETROIT**

Dated this Day **3/13/2013**



**Raymond J. Wojtowicz**

Wayne County Treasurer

**EXHIBIT 7**

2014375620    L: 51734 P: 1111    JOF
09/10/2014 12:53:22 AM  Total Pages: 1
Bernard J. Youngblood, Register of Deeds - Wayne County, MI
ELECTRONICALLY RECORDED

## WAYNE COUNTY TREASURER
## NOTICE OF JUDGMENT OF FORECLOSURE

Required By Section 211.78k(8) of the General property Tax Act, 1893 PA 206 as amended, MCL 211.78k(8)

On  March 28,2014  in Civil Action No.  13-007698-CH  , the Circuit Court for the Third Judicial Circuit, Wayne County, entered a Judgment of Foreclosure in the Matter of the Petition of the Wayne County Treasurer against the real property described below vesting absolute title to the real property described below in the Wayne County Treasurer as provided in Section 211.78k of the General Property Tax Act., 1893 PA 206, as amended, MCL.211.78k, if not redeemed within 21 days after entry of the Judgment.  This Judgment became final and unappealable on  March 31,2014 .  The Judgment vests good and marketable absolute fee simple title in the Wayne County Treasurer.  Any recorded or unrecorded interests and all liens are extinguished, except for future installments of special assessments and liens or interests recorded by the state or the foreclosing governmental unit pursuant to the natural resources and environmental protection act, 1994 PA 451, as amended.

Parcel ID #:  17001684.

Property forfeited to the Wayne County Treasurer on  March 1, 2013
Certificate of Forfeiture recorded at Liber  50583  Page  1205

Parcel Address:(if available):  8315 MARCUS, DETROIT

Property Description of the property:

  N MARCUS LOT 138 BESTE-MARTIN SUB L32 P68 PLATS, W C R 17/423 30.60 X 117

Commonly known as: 8315 MARCUS, DETROIT

Dated this Day  9/9/2014

Raymond J. Wojtowicz
**Wayne County Treasurer**

**EXHIBIT 8**

2015006005    L: 51947 P: 1167    QCD
01/06/2015 02:30:14 PM  Total Pages: 1
Bernard J. Youngblood, Register of Deeds - Wayne County, MI
ELECTRONICALLY RECORDED

## WAYNE COUNTY TREASURER
## QUIT CLAIM DEED
**(Issued under Act 206 Public Act of 1893, as Amended by Act 123 of Public Acts of 1999)**

Raymond J. Wojtowicz, Treasurer of the Charter County of Wayne, Michigan, hereinafter called the Grantor/Treasurer whose address is 400 Monroe, Suite 520, Detroit, Michigan 48226, by authority of Act 206 of Public Acts of 1893, as amended by Act 123 of Public Acts of 1999, as amended, conveys and quit claims to:

**DETROIT LAND BANK AUTHORITY**

hereinafter called the Grantee, whose address is:
**65 CADILLAC SQUARE SUITE 3200  DETROIT , MI 48226**                                     the following described premises located in the **CITY OF DETROIT, WAYNE COUNTY, MI**

Tax Parcel I.D. #:  **17001684.**
Legal Description:
**N MARCUS 138 BESTE-MARTIN SUB L32 P68 PLATS, W C R 17/423 30.60 X 117**

**Commonly known as: 8315 MARCUS DETROIT, MI 48213**

For the full consideration of **$0.00**                  Dollars.            Date: **January 6, 2015**

Pursuant to the provisions of Section 78k(5)(c) and 78k(5)(e) parcels are subject to visible or recorded easements and rights of way; private deed restrictions; building restrictions of record; all future installments of special assessments and liens recorded by the State or the foreclosing governmental unit or restrictions or other governmental interests imposed pursuant to the Natural Resources and Environmental Protection Act being Public Act 451 of 1994.  This conveyance is exempt from taxes pursuant to MCL 207.505(h)(1) and MCL 207.526(h)(I).

**Declaration of Conditions Subsequent**.  This Declaration is made to give record notice of the conditions subsequent to the sale of the Property by imposition of the following restrictions on the sale to the Property:

A.   That Grantee or any subsequent Purchaser/Assignee shall pay all tax obligations due on the date the Deed  is  issued and shall keep current payment on all tax obligations for the two  years  following the date the deed was issued.

B.   That Grantee or subsequent Purchaser/Assignee shall either demolish the property within six months following the date of the deed or maintain and secure the Property for two years following the date of the deed from Grantor/Treasurer in accordance with local building, health and public safety ordinances.

C.   That failure of the Grantee or subsequent Purchaser/Assignee to comply with above clauses A and/or B or to cure the default within 30 days of written notice may result in a reversion of the title of the Property to the Grantor/Treasurer or assigned to the State of Michigan, County of Wayne, City, or Township where the property is located, at the discretion of the Grantor/Treasurer.  The right of reversion of title shall reinstate fee simple absolute title to the Grantor/Treasurer or to Treasurer's assignee within 30 days of failure to cure default, unless extended at the Treasurer's sole discretion.  Written notice of default and failure to cure default addressed to the Grantee and mailed to the Grantee's address as written on the deed shall be notice to any subsequent Purchaser/Assignee, unless a copy of the Property Transfer Affidavit (PTA) that was filed with the local Assessor and which includes any change of mailing address is hand delivered to and signed as received by said Grantor/Treasurer, or designated representative. DURING THE TAX YEARS THAT THE   CONDITIONS SUBSEQUENT APPLY, THIS PROPERTY SHALL NOT BE SOLD, CONVEYED OR TRANSFERRED UNLESS ALL TAXES ARE PAID IN FULL.  VIOLATORS SHALL BE PERSONALLY LIABLE TO PURCHASER AND/OR GRANTOR/TREASURER FOR DAMAGES AND AGREE TO SUBMIT TO THE JURISDICTION OF THE COURTS IN THE STATE OF MICHIGAN.

In Witness Whereof the Grantor, has signed and affixed the seal of the Wayne County Treasurer the day and year first above written.

STATE OF MICHIGAN   )
                                          )ss
COUNTY OF WAYNE    )

Raymond J. Wojtowicz
Wayne County Treasurer

The foregoing instrument was acknowledged before me on this **6** day of **January**           , **2015**     by Raymond J. Wojtowicz, Wayne County Treasurer.

FELECIA ANN TYLER
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Jul 29, 2019
ACTING IN COUNTY OF  **Wayne**

Notary Public, Wayne County Michigan

Prepared by Wayne County Treasurer
400 Monroe Street, Detroit, Michigan 48226

When recorded return to: Grantor
Send subsequent tax bills to:  Grantee

**EXHIBIT 9**

**ERIC R. SABREE**
WAYNE COUNTY TREASURER
400 Monroe - 5th Floor
Detroit MI 48226-2942



Make checks payable to:
Wayne County Treasurer

Taxpayer Information:
(313) 224-5990

Office Hours:
8:00 a.m. - 4:30 p.m.
Monday through Friday

Web:treasurer.waynecounty.com
Email:taxinfo@waynecounty.com

**Mailing**     Detroit Land Bank Authority
**Address:**   65 CADILLAC SQUARE, SUITE 3200
DETROIT MI 48226

# Tax Statement

**Number:**   2017 - 231703

**Date:**   06/26/2017

01-17001684.

10214902

**Detroit Real Property Description:**

| | | |
|---|---|---|
| **Parcel ID:** | 17001684. | **SEV AMT:** $0 - 2016 |
| **Address:** | 8315 Marcus | **PRE:** 0% |
| | Detroit, MI 48213 | |

**Legal Description:**   N MARCUS 138 BESTE-MARTIN SUB L32 P68 PLATS, W C R 17/423 30.60 X 117

| Tax Year | Base Tax | Total Amt Due | Status Description |
|---|---|---|---|
| 2016 | $1,591.93 | $1,719.29 | DELINQUENT REAL PROPERTY TAX |

**Total: $1,591.93  $1,719.29**  If this property is not foreclosed and is available for payment the amounts presented here are good on or before 06/30/2017.
By providing these figures this office does not represent that this property can be redeemed or reclaimed.



**Rising Together**

**CITY OF DETROIT PHONE NUMBERS:**

Assessor's: (313) 224-3011

Demolition: (313) 224-3215

Land Bank: 1-844-BUY-DLBA

P& DD   : (313) 224-6380

Treasurer: (313) 224-3560

treasuryinfo@detroitmi.gov     www.detroitmi.gov

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WINGS AS EAGLES**                                    Case No.
**DELIVERANCE MINISTRY**                        Hon.
Plaintiff

**v.**

**CITY OF DETROIT,** a municipal corporation;
**COUNTY OF WAYNE,** a municipal corporation; and
**DETROIT LAND BANK AUTHORITY,** a public body corporate
_____/

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: December 4, 2020              Respectfully submitted,

**METRO DETROIT**
**LITIGATION GROUP**



**By: STUART SANDWEISS (P60921)**
ATTORNEYS FOR PLAINTIFF
18481 West Ten Mile Road
Suite 100
Southfield, Michigan 48075
(248) 559-2400
Fax (248) 971-1500
stuart@metrodetroitlitigation.com