UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINGS AS EAGLES
DELIVERANCE MINISTRY,

      Plaintiff,

v.

      Civil Case No. 20-13186
      Honorable Linda V. Parker

CITY OF DETROIT, COUNTY OF
WAYNE, and DETROIT
LAND BANK,

      Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT WAYNE COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 8)**

On December 4, 2020, Plaintiff Wings as Eagles Deliverance Ministry ("Wings"), an ecclesiastic corporation, filed this lawsuit alleging that Defendants City of Detroit ("City") and Wayne County improperly imposed property taxes against Plaintiff and subsequently foreclosed on its property. Plaintiff also alleges that following the foreclosure, Wayne County wrongly transferred the property to Defendant Detroit Land Bank Authority ("DLBA"). Plaintiff brings two "*Monell*" claims against Defendants under 42 U.S.C. § 1983 for alleged violations of the Fourteenth Amendment and Fifth Amendment Takings Clause (Count I) and the

Fourteenth Amendment and First Amendment Free Exercise Clause (Count III).[1] (ECF No. 1.) Plaintiff also asserts violations of the Michigan Constitution Takings Clause (Count II) and a state law unjust enrichment claim (Count IV). (*Id.*) In two additional "counts", Plaintiff requests declaratory relief pursuant to 28 U.S.C. § 2201 and injunctive relief to quiet title. (*Id.*)

The DLBA and City filed Answers to the Complaint. (ECF Nos. 3, 7.) Presently before the Court is Wayne County's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). (ECF No. 8.) The issues are fully briefed. (ECF Nos. 14, 16.) Finding the legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

## I. Standard of Review

A Rule 12(c) motion for judgment on the pleadings is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is

---

[1] *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978).

entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) or Rule 12(c) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) [or Rule 12(c)] motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss [or the plaintiff's response thereto], so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court may take judicial notice only "of facts which are not subject to reasonable dispute." *Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)).

**II.    Factual Allegations**

On April 3, 2002, Plaintiff became licensed by the State of Michigan as an ecclesiastical corporation. (Compl. ¶¶ 6, 15, Ex. 1, ECF No. 1 at Pg ID 3, 6, 22-25.) On March 1, 2004, Rosalyn Woodward transferred via quitclaim deed her

4

interest in property at 8315 Marcus in the City ("subject property") to Kennard Pettaway on behalf of Wings. (*Id.* ¶ 17, Ex. 3, Pg ID 6, 27-28.) On December 11, 2007, the City granted Plaintiff's application for exemption of real estate taxes on the subject property beginning the 2008 tax year. (*Id.* ¶ 19, Ex. 4, Pg ID 7, 29.) However, according to the Wayne County Register of Deeds, the City continued to assess real estate taxes for the subject property. (*Id.* ¶ 20, Ex. 5, Pg ID 7, 30.)

On April 3, 2012, a Certificate of Forfeiture of Real Property concerning the subject property was recorded with the Wayne County Register of Deeds for the nonpayment of real property taxes in 2010. (*Id.* ¶ 20, Ex. 5, Pg ID 7, 30.) A second Certificate of Forfeiture of Real Property was recorded with the Wayne County Register of Deeds on March 14, 2013, for the nonpayment of real property taxes in 2011. (*Id.* ¶ 21, Ex. 6, Pg ID 7, 31.) On September 10, 2014, a Notice of Judgment of Foreclosure, signed by the acting Wayne County Treasurer, was recorded pursuant to the General Property Tax Act ("GPTA").[2] (*Id.* ¶ 22, Ex. 7, Pg

---

[2] In City's Answer to the Complaint, it contends that "Plaintiff failed to pay water and sewer charges, the statutory liens for those charges were placed on a special assessment tax roll, and thereafter the liens were lawfully forfeited and foreclosed upon by the Wayne County Treasurer." (ECF No. 7 at Pg ID 58.) The City also attaches a declaration and document purported to be a special assessment tax roll to support this assertion. (*Id.* at Pg ID 64-68.) The City's declaration and corresponding attachment are outside of the Complaint. Accordingly, the Court will not consider them and convert Wayne County's motion to one for summary judgment. *See Weiner*, 108 F.3d at 88. Moreover, whether the judgment of foreclosure attached to the Complaint was for unpaid tax or unpaid water bills is of no consequence, for reasons to become apparent later in the opinion.

5

ID 7-8, 32.) On January 6, 2015, Wayne County transferred the subject property to the DLBA via quit claim deed for $0 consideration. (*Id.* ¶ 23, Ex. 8, Pg ID 8, 33.)

## III. Applicable Law and Analysis

### A. Whether Plaintiff's Claims are Barred by the *Rooker-Feldman* Doctrine

Wayne County argues that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[3] (ECF No. 8 at Pg ID 84-86.) In response, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because there has not been a judgment on the issues and the quiet title action remains pending in state court. (ECF No. 14 at Pg ID 195-97.) Further, Plaintiff states that Wayne County "did not attach a copy of the prior state court case to its [m]otion and Plaintiff is unaware of what judgment Defendant is referring to." (ECF No. 14 at Pg ID 196.) Plaintiff, however, referred to and attached the Notice of Judgment of Foreclosure to its Complaint. (*See* Compl. ¶ 22, Ex. 7, ECF No. 1 at Pg ID 7-8, 32.) As such, a prior judgment regarding the subject property exists. The Court will now address whether *Rooker-Feldman* applies to each of Plaintiff's claims.

Pursuant to the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. *Rooker v. Fidelity Trust Co.*, 263

---

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413(1923)*; District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983). This is true even in the face of allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996). The doctrine bars a losing party in state court from filing a lawsuit in federal court after the state proceedings end, "complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." *Skinner v. Switzer*, 562 U.S. 521, 531 (2011) (footnote omitted); *accord Lance v. Dennis*, 546 U.S. 459, 463 (2006) (stating that, "under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments"); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

The reason that the *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments is that "28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)

(quoting *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012)). Courts "determine whether *Rooker-Feldman* bars a claim by looking to the 'source of the injury the plaintiff alleges in the federal complaint.'" *Id*. (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). If a federal plaintiff raises an independent claim, it is not an impediment to the exercise of federal jurisdiction even if the parties previously raised the same or a related question in state-court. *Skinner*, 562 U.S. at 532 (citing *Exxon*, 544 U.S. at 292-93). But "[i]f the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *VanderKodde*, 951 F.3d at 402 (citing *McCormick*, 451 F.3d at 393).

Plaintiff alleges that by foreclosing on the subject property due to the nonpayment of real estate taxes—where Plaintiff was exempt from paying such taxes—, Defendants took the property without paying Plaintiff just compensation. (Compl. ¶ 1, ECF No. 1 at Pg ID 2.) Plaintiff seeks damages, declaratory judgment, and injunctive relief. (*Id*. ¶¶ 3, 4, Pg ID 2-3.) Plaintiff generally alleges that the sources of its injuries are: (i) the foreclosure and Defendants "taking title" of the subject property; and (ii) the taking of the property *without just compensation* and unjust enrichment of the value of the subject property. (*See Id*. ¶¶ 30, 32, 35, 36, 41, 52, Pg ID 10-12, 15-16.) The former source of injury, the foreclosure, is a challenge of the state court judgment.

8

More specifically, in Count III Plaintiff alleges a *Monell* claim for a violation of the First Amendment Free Exercise Clause. (*Id*. ¶¶ 38-50, Pg ID 12-15.) In this claim, Plaintiff alleges that the source of injury is the foreclosure of the property, which infringes on Plaintiff's right to occupy the property and consequently its free exercise of religion. (*Id*. ¶¶ 41, 42, Pg ID 12-13.) The source of injury is, therefore, the state court judgment. In Count VI[4], Plaintiff seeks injunctive relief.[5] Plaintiff asks this Court to:

> declare and order that Plaintiff holds full legal and equitable title to the [c]hurch [p]roperty in fee simple, free and clear of any and all claims of Defendants; and quieting title to the Church Property forever in Plaintiff; and allowing Plaintiff to record such Order in the chain of title as evidence of title.

(*Id*. ¶ 63, Pg ID 19.) In essence, Plaintiff is asking this Court to either set aside or ignore the state court judgment. Further in Count V, Plaintiff asks the Court to declare that Plaintiff is the rightful owner of the subject property, again a request to

---

[4] Plaintiff mislabels its claim for injunctive relief as "Count V" in its Complaint. (*See* Compl., ECF No. 1 at Pg ID 18.) The same is true for its claim seeking declaratory relief as "Count IV". (*See Id*. at Pg ID16.)

[5] Plaintiff's "claim" seeking injunctive relief does not state a separate cause of action but is a request for a remedy. *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x. 926, 929 (6th Cir. 2013) (unpublished); *see also Jarbo v. Bank of N.Y. Mellon*, 587 F. App'x. 287, 290 (6th Cir. 2014) (unpublished) ("Like a request for an injunction or disgorgement, a request for quiet title is only cognizable when paired with some recognized cause of action."); *Riley-Jackson v. Ocwen Loan Servicing*, No. 13-cv-12538, 2013 WL 5676827, at *5 (E.D. Mich. Oct.18, 2013) (citing *Terlecki v. Stewart*, 754 N.W.2d 899, 912 (Mich. App. 2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action.").

set aside the state court judgment. (*See Id.* ¶ 57, Pg ID 17.) These are precisely the type of situations where the *Rooker-Feldman* doctrine applies and precludes a federal court from exercising jurisdiction over the Plaintiff's claims. *See Edwards v. Meisner*, No. 18-cv-13488, 2019 WL 78890, at *5 (E.D. Mich. Jan. 2, 2019) (holding that *Rooker-Feldman* applied and barred a plaintiff's claim to contest a foreclosure judgment); *see also Anderson v. Cty. of Wayne*, No. 10-cv-13708, 2011 WL 2470467, at *4 (E.D. Mich. June 20, 2011) (explaining that sustaining plaintiff's claims "would require [the court] to decide that the [state court] simply made the wrong decision on the tax foreclosure judgment.")). Further, the fact that Plaintiff alleges it was exempt from paying taxes does not change the analysis. *See United Methodist Union of Greater Detroit v. City of Highland Park*, No. 16-CV-10336, 2017 WL 24810, at *1 (E.D. Mich. Jan. 3, 2017) (adopting a magistrate judge's report and recommendation which concludes that claims were barred by *Rooker-Feldman* despite plaintiff's objection that "[c]hurch property is exempt from tax foreclosure . . . .")). The Court is precluded from exercising jurisdiction over Plaintiff's claims to the extent that they seek to challenge the state foreclosure judgment. Accordingly, Plaintiff fails to state a claim with respect to Counts III, V, and VI.

The *Rooker–Feldman* doctrine does not apply to claims that are independent of the state court's judgment of foreclosure, however. *See Lawrence v. Welch*, 531

F.3d 364, 368 (6th Cir. 2008) (citing *Pittman v. Cuyahoga Cty. Dep't of Children and Family Serv.*, 241 F. App''x. 285, 287 (6th Cir. 2007)). Recently the Michigan Supreme Court held that former property owners have a right to any surplus proceeds from a tax foreclosure sale of property and that the failure to return the proceeds is a violation of the Takings Clause of the Michigan Constitution. *Rafaeli, LLC v. Oakland Cty.*, 952 N.W.2d 434 (2020). In *Rafaeli*, plaintiffs' claims arose from defendants selling their foreclosed upon properties in satisfaction of their tax debts and retaining the surplus proceeds from the tax-foreclosure sale. *Id*. at 442. As such, the alleged source of injury was not the foreclosure, but the subsequent sale and retention of surplus. Therefore, a claim under *Rafaeil* is independent from claims which seek to invalidate a state court judgment as it is a post-judgment claim for relief. Relatedly, a claim for unjust enrichment does not seek to invalidate a state court judgment and may proceed. *See Id*. at 457 (citing *Dean v. Michigan Dep't of Nat. Res.*, 399 Mich. 84, 247 N.W.2d 876 (1976).

Plaintiff does not specifically plead a Takings Clause claim based on the unlawful retention of surplus proceeds from the tax sale. However, Wayne County construes the Complaint to rely on *Rafaeli* in its motion and argues that it is inapplicable here. (ECF No. 8 at Pg ID 86-87.) In response, Plaintiff argues that it did not receive just compensation for any excess proceeds over the amount it

11

owed.  (ECF No. 14 at Pg ID 199-200.)  The Court will address the merits of the remaining claims under *Rafaeli*.

**B.      Whether Plaintiff's Remaining Claims Under *Rafaeli* Have Merit**

On July 17, 2020, the Michigan Supreme Court issued an opinion in *Rafaeli* regarding former property owners' interest following a tax foreclosure sale. *Rafaeli*, 952 N.W.2d 434.  In *Rafaeli* former owners of property who had lost their properties to tax foreclosure, filed a lawsuit in the state court "alleging due-process and equal-protection violations as well as an unconstitutional taking."  *Id*. at 442.  The plaintiffs "alleged that defendants, by selling plaintiffs' real properties in satisfaction of their tax debts and retaining the surplus proceeds from the tax-foreclosure sale of their properties, had taken their properties without just compensation in violation of the Takings Clauses of the United States and Michigan Constitutions."  *Id*. at 441.  The court held that Michigan's common law and its Constitution recognizes a former property owner's property right to collect the surplus proceeds that are realized from the tax-foreclosure sale of property."  *Id*. at 459.  The court also held that defendants were required to return any proceeds from the tax-foreclosure sale in excess of the delinquent taxes, interest, penalties, and fees reasonably related to the foreclosure and sale of the property …."  *Id*. at 466.

The *Rafaeli* court defined that just compensation is the amount of "surplus proceeds from the tax-foreclosure sale of plaintiffs' properties to satisfy their tax debts. *Id*. at 465. The *Rafaeli* court made it clear that just compensation does not include the equity or fair market value of a foreclosed property. *Rafaeili* holds that just compensation includes only "proceeds from the tax-foreclosure sale in excess of the delinquent taxes, interest, penalties, and fees reasonably related to the foreclosure and sale of the property—no more, no less." *Id*. at 466; *see also id*. n. 134.

Wayne County argues that even if *Rafaeli* applies, that it did not receive any surplus proceeds from the transfer to Defendant DLBA. (ECF No. 16 at Pg ID 260.) Wayne County transferred the property to the DLBA "[f]or the full consideration of $0.00 Dollars." (ECF No. 1 at Pg ID 33.) The Court agrees that there is no surplus gained from the sale of the subject property. *See Hall v. Meisner*, No. 20-12230, 2021 WL 4522300, at *13 (E.D. Mich. Oct. 4, 2021) (holding that there were no surplus proceeds when properties were not sold at auction but purchased for a minimum bid of the tax delinquency amount)). The Plaintiff therefore fails to demonstrate any amount of surplus proceeds that was unjustly taken.

Plaintiff alternatively argues that "the Church Property that Defendant took was worth more than any outstanding indebtedness…." (ECF No. 14 at Pg ID

13

190.) Plaintiff is seeking the market value of the Church property rather than surplus proceeds. However, in *Rafaeli* the only property interest that survives after title vests is in potential proceeds from a tax foreclosure sale over and above the delinquent tax amount. *Rafaeli*, 952 N.W.2d at 484. Plaintiff's Takings Clause claims fail, because it only had a cognizable property interest in the surplus of a foreclosure auction, not any surplus equity based on the fair market value of the Church.

Plaintiff asserts a claim for unjust enrichment in Count IV. (Compl. ¶¶ 51-53, ECF No. 1 at Pg ID 15-16.) Plaintiff alleges that Defendants were unjustly enriched with the value of the subject property. (*Id.*) Under Michigan law, "to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006) (citing *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993)).

Wayne County contends that this claim fails as a matter of law because Wayne County did not receive a benefit. (ECF No. 8 at Pg ID 87-8.) A court in this district considered a similar argument finding that "it is undisputed that no 'surplus proceeds' were realized from a 'tax-foreclosure sale,' and [p]laintiffs have

failed to demonstrate a property right or amount or benefit that was 'unjustly' taken from them by anyone . . . ." *Hall,* 2021 WL 4522300 at *13; *but cf. Grainger, Jr. v. Cty. of Ottawa*, No. 1:19-CV-501, 2021 WL 790771, at *14 (W.D. Mich. Mar. 2, 2021) (allowing a claim for unjust enrichment to survive dismissal when the tax auction sale yielded surplus proceeds from a sale.). As such, Plaintiff fails to state a claim for unjust enrichment.

The Takings Clause claims and unjust enrichment claim fail as a matter of law and are therefore dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Accordingly,

**IT IS ORDERED** that Wayne County's Motion for Judgment on the Pleadings (ECF No. 8) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 25, 2022